﻿Citation Nr: AXXXXXXXX
Decision Date: 06/30/20 Archive Date: 06/30/20

DOCKET NO. 200317-75093
DATE: June 30, 2020

ORDER

Entitlement to an initial compensable disability rating for bilateral hearing loss is denied.

REMANDED

Entitlement to service connection for lumbar spine condition is remanded.

FINDING OF FACT

At worst the Veteran’s bilateral hearing loss was manifested by hearing impairment corresponding to auditory acuity of no more than level III in the right ear and level III in the left ear; no exceptional patterns of hearing loss are noted.

CONCLUSIONS OF LAW

The criteria for an initial compensable rating for bilateral hearing loss has not been met. 38 U.S.C. § 1155, 5103, 5103A, 5107; 38 C.F.R. §§ 3.102, 3.159, 4.1-4.7, 4.85, 4.86, Diagnostic Code (DC) 6100.

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran served on active duty including from April 1964 to October 1964. This matter comes before the Board of Veterans’ Appeals (Board) on appeal from an August 2019 rating decision by a Department of Veterans Affairs (VA) Regional Office (RO) which denied entitlement to the benefits currently sought on appeal.

On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). This law creates a new framework for Veterans dissatisfied with VA’s decision on their claim to seek review. This decision has been written consistent with the new AMA framework.

The Veteran selected the Evidence Submission lane without a Board hearing when he opted into the Appeals Modernization Act (AMA) review system by submitting a VA Form 10182 (Decision Review Request: Board (Notice of Disagreement)). Accordingly, the Board will consider the evidence of record at the time of the August 2019 rating decision, and evidence submitted within 90 days following the election to the Evidence Submission lane in March 2020.

1. Entitlement to an initial compensable disability rating for bilateral hearing loss.

The Veteran asserts that his service-connected hearing disability is more severe than the currently assigned noncompensable rating reflects.

Disability evaluations are determined by the application of a schedule of ratings which is based, as far as can practically be determined, on the average impairment of earning capacity. 38 U.S.C. § 1155; 38 C.F.R. § 4.1. Each service-connected disability is rated based on specific criteria identified by DCs. 38 C.F.R. § 4.27. Where there is a question as to which of two evaluations shall apply, the higher evaluation will be assigned if the disability more closely approximates the criteria required for that rating. Otherwise, the lower rating will be assigned. 38 C.F.R. § 4.7. All reasonable doubt as to the degree of the disability will be resolved in favor of the claimant. 38 C.F.R. § 4.3. 

Hearing loss ranges from zero to 100 percent. This is based on organic impairment of hearing acuity measured by combining controlled speech discrimination tests results together with the average hearing- threshold level measured by pure tone audiometric tests in the frequencies of 1000, 2000, 3000, and 4000 Hertz. The rating schedule establishes eleven auditory acuity levels ranging from numeric level I for essentially normal acuity, through numeric level XI for profound deafness to evaluate the degree of disability from service-connected hearing loss. 38 C.F.R. § 4.85, Tables VI and VII, DC 6100. 

The ratings for disability compensation for hearing loss are determined by a mechanical, meaning nondiscretionary, application of the criteria in Table VI and Table VII. Lendenmann v. Principi, 3 Vet. App. 345, 349 (1992).

Table VI in 38 C.F.R. § 4.85 is used to determine the numeric designation of hearing impairment based on the pure tone threshold average from the audiometry test and the results of the speech discrimination test. The vertical lines in Table VI represent nine categories of the percentage of discrimination based on the controlled speech discrimination test. The horizontal columns in Table VI represent nine categories of decibel loss based on the pure tone audiometry test. See Id. The numeric designation of impaired hearing for each ear (Levels I through XI) is determined by intersecting the vertical row, the percentage of discrimination, and the horizontal column, the pure tone decibel loss.

The rating is determined in Table VII in 38 C.F.R. § 4.85 by intersecting the vertical column, the numeric designation for the ear having the better hearing acuity (as determined by Table VI), and the horizontal row, the numeric designation level for the ear having the poorer hearing acuity (as determined by Table VI).

The provisions of 38 C.F.R. § 4.86, addresses exceptional patterns of hearing impairment and allows for use of Table VIA, which evaluates hearing impairment based only on pure tone averages, if the veterans pure tone threshold at each of the four specified frequencies (1000, 2000, 3000 and 4000 Hertz) is 55 decibels or more, or the pure tone threshold is 30 decibels or less at 1000 Hertz and 70 decibels or more at 2000 Hertz.

The Veteran submitted a private March 2019 audiological evaluation. Pure tone thresholds, in decibels, were as follows:

 HERTZ 

 500 1000 2000 3000 4000

RIGHT 35 35 45 55 55

LEFT 30 35 40 50 55

The average pure tone threshold was 47.5 decibels in the right ear and 45 decibels in the left ear. Speech audiometry revealed speech recognition ability of 80 percent in the right ear and 80 percent in the left ear. It is not clear whether Maryland CNC testing was utilized for this speech audiometry. Assuming that it was, and utilizing 38 C.F.R. § 4.85, Table VI, the results correspond to a hearing level of III in both ears. Applying these hearing levels to 38 C.F.R. § 4.85, Table VII, results in a noncompensable rating. The Board notes the March 2019 hearing evaluation report does not note exceptional patterns of hearing impairment.

Following the Veteran’s March 2019 original claim for compensation, he was afforded a June 2019 VA hearing loss and tinnitus examination. Pure tone thresholds, in decibels, were as follows:

 HERTZ 

 500 1000 2000 3000 4000

RIGHT 30 35 50 50 65

LEFT 15 25 40 50 60

The average pure tone threshold was 50 decibels in the right ear and 43.75 decibels in the left ear. Speech audiometry revealed speech recognition ability of 84 percent in the right ear and 88 percent in the left ear. 

Again, utilizing 38 C.F.R. § 4.85, Table VI, the results correspond to a hearing level of II in the right ear and II in the left ear. Applying these hearing levels to 38 C.F.R. § 4.85, Table VII, the Board finds that an initial compensable rating is not warranted. The Board notes that there are no other relevant medical records prior to the August 2019 rating decision or submitted within 90 days following the Veteran’s March 2020 VA Form 10182 to consider whether an initial compensable disability rating is warranted. The Board also finds that there are no exceptional patterns of hearing impairment. Therefore, an initial compensable rating is denied.

The Board acknowledges the Veteran’s assertions in his March 2020 Form 10182 that his hearing is worse than currently rated and that he should be entitled to a compensable disability rating. See Martinak v. Nicholson, 21 Vet. App. 447, 455 (2007). The Veteran is competent to report on factual matters and observable symptoms of which he had firsthand knowledge, and the Board finds that the Veteran is credible. See Washington v. Nicholson, 19 Vet. App. 362, 368 (2005). That noted, the Board finds that the assigned noncompensable rating is consistent with his audiological testing findings and the hearing loss those findings reflect. See Doucette v. Shulkin, 28 Vet. App. 366 (2017)

The Board finds that the results of the June 2019 VA audiological examination adequately represent the severity of the Veteran’s hearing loss throughout the pendency of this claim. As such, the preponderance of the evidence is against an entitlement to an initial compensable rating for bilateral hearing loss; therefore, the Veteran’s appeal to this extent is denied.

As a final matter, the Board acknowledges that in Rice v. Shinseki, 22 Vet. App. 447 (2009), the United States Court of Appeals for Veterans Claims (Court) held that a claim for a total disability rating based on individual unemployability (TDIU) is part of an increased rating claim when such is raised by the record. The Veteran has not contended, and the evidence does not otherwise suggest, that his service-connected hearing loss precludes him from securing and following substantially gainful employment. Accordingly, a TDIU claim has not been raised, and no action pursuant to Rice is necessary.

REASONS FOR REMAND

Under the AMA, a REMAND is permissible only to correct pre-decisional duty to assist errors. 38 C.F.R. § 20.802.

After a thorough review of the claims file, the Board notes that the Veteran has not been afforded a VA examination to address the nature and etiology of his claimed lumbar spine condition. The Veteran asserts that his low back condition is related to a fall down the stairs service-connected disabilities. The claims file includes an April 2019 letter from a chiropractor reflecting the Veteran’s history of a reported fall during active service. Such is sufficient to require a VA examination. McLendon v. Nicholson, 20 Vet. App. 79 (2006). The pre-decisional error requires REMAND, and the Veteran should be afforded a VA examination to determine the nature and etiology of his claimed low back disability.

The matters are REMANDED for the following action:

Schedule the Veteran for a VA examination to determine the nature and etiology of his claimed low back disability. The claims file must be reviewed by the examiner. The examiner must opine whether it is at least as likely as not related (a 50 percent or greater probability) to an in-service injury or event, including the Veteran’s reported fall down the stairs and claimed resulting back injury. The Board notes that the Veteran is competent and credible to report events that occurred in service. All opinions must be supported by a rationale. 

The Board is aware of the complications with examination scheduling due to COVID-19 and encourages the medical facility to consider a telephone interview, or other telehealth means, if scheduling an examination is impracticable or would lead to significant delay or burden to the Veteran. 

 

 

A. C. MACKENZIE

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board B. Banks, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.